**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 10, 2021

Ivey McCray
929 Bonifant St., #1007
Silver Spring, MD 20910
*Pro Se Plaintiff*

Patricia Weston Rivera, Esq.
Law Office of Patricia Weston Rivera, Esq., P.C.
71 Valley St., Suite 201
South Orange, NJ 07079
*Attorney for Defendant William Jones*

Nicole Fisher, Esq.
Kecia M. Clarke, Esq.
Office of the Essex County Counsel
465 Dr. Martin Luther King Jr. Blvd, Room 535
Newark, NJ 07102
*Attorneys for Defendant Carla Tention*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re: *McCray v. Jones, et al.*,
Civil Action No. 21-3937 (SDW) (LDW)

Litigants:

Before this Court are Defendants William Jones and Carla Tention's (collectively, "Defendants") Motions to Dismiss *pro se* Plaintiff Ivey McCray's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendants' motions are **GRANTED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was married to Jones until 1988, when they divorced in New Jersey. (Compl. ¶ 13.) Plaintiff and Jones have a daughter who was born during their marriage. (*Id.*) Although

their daughter initially lived with Plaintiff following the divorce, she began living with Jones in 1991. (*Id.* ¶¶ 13–14.) On November 21, 1997, the Superior Court of New Jersey, Chancery Division – Family Part, Union County, entered an order requiring Plaintiff to pay child support to Jones in the amount of $95 per week through the Essex County Probation Department. (D.E. 5-1 Ex. 3.)[1] On November 3, 1999, the court entered a judgment against Plaintiff for unpaid child support. (*Id.* Ex. 2.) By court order on May 31, 2002, Plaintiff's child support obligation became arrears only, in the amount of $100 per month, when her daughter graduated college and became emancipated. (*Id.* Exs. 4 ("Arrears Order"), 5.) Plaintiff continued to fail to meet her payment obligations and, on October 4, 2016, the Superior Court of New Jersey, Essex County, entered a judgment against Plaintiff for the unpaid child support. (*Id.* Ex. 2.)

Plaintiff alleges that, in 2012, Essex County sent the Arrears Order to Alameda County, California, where Plaintiff was residing, and the state administratively offset Plaintiff's Social Security benefits by $100 each month from 2012 to 2019. (Compl. ¶ 21.) In 2018, Essex County obtained a tax offset for Plaintiff's 2017 Federal tax refund and Plaintiff's motion for a return of this money was denied. (*Id.* ¶¶ 22–23.) In 2019, the Social Security Administration notified Plaintiff that it would no longer deduct the $100; in March 2020, California notified Plaintiff that it would no longer enforce the Arrears Order; and in June 2020, the Internal Revenue Service (IRS) informed Plaintiff that it had paid Essex County her federal stimulus payment. (*Id.* ¶ 24.)

Plaintiff filed this suit on March 2, 2021, alleging that the continued collection of child support violated her legal rights. (D.E. 1.) She sued Jones, Tention (in her alleged capacity as Director of the Essex County Child Support Enforcement Division), and Rashad Shabazz Burns (in his alleged capacity as Director of New Jersey State Child Support Enforcement). (*See* Compl. ¶¶ 9–11.) On May 12, 2021, Plaintiff voluntarily dismissed Burns from this case pursuant to Rule 41(a)(1)(A)(i). (D.E. 7; *see also* D.E. 8.) The Complaint asserts five counts: violations of 42 U.S.C. § 1983 (Count I); violations of the Uniform Interstate Family Support Act ("UIFSA") (Count II), violations of the 14th Amendment to the U.S. Constitution (Count III), violations of the Social Security Act (Count IV), and violations of N.J.S.A. 2A:14-1.2. (Compl. ¶¶ 29–48.) Defendants subsequently filed the instant motions to dismiss. (D.E. 5, 11.) Plaintiff opposed both motions and no replies were filed. (D.E. 10, 14.)

## II. LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[1] Defendants attach records from the related state court proceedings. Such documents are subject to judicial notice and may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (synthesizing cases); *Fraize v. Gov't Nat'l Mortg. Ass'n*, Civ. No. 14-7152, 2016 WL 958392, at *3 (D.N.J. Mar. 14, 2016) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). While *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . [and] they cannot flout procedural rules—they must abide by the same rules that apply to other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

Plaintiff asserts five counts alleging that she was overcharged for child support, but each count fails to state a claim against either Jones or Tention. Count I alleges that Essex County and New Jersey violated Plaintiff's rights under the U.S. Constitution by collecting amounts over the $100 per month set forth in the state court's Arrears Order. (*See* Compl. ¶¶ 29–32.) Count II alleges that Defendants violated the UIFSA by collecting amounts over $100 per month. (*See id.* ¶¶ 33–36.) Count III alleges that Essex County and New Jersey violated the 14th Amendment of the U.S. Constitution by collecting child support arrears from her through the state of California. (*See id.* ¶¶ 37–40.) Count IV alleges that Defendants violated the Social Security Act by collecting arrears from her Social Security benefits during a time period when her daughter was no longer a dependent child living with Jones. (*See id.* ¶¶ 41–44.) Count V alleges that Defendants violated N.J.S.A. 2A:14-1.2, which sets a ten-year statute of limitations for civil actions commenced by the state, by taking advantage of California law, which Plaintiff claims does not have a statute of limitations for collecting child support arrears. (*See id.* ¶¶ 45–48.)

Noticeably absent from Plaintiff's Complaint are pertinent facts such as the amount of child support that was actually collected and the total amount that Plaintiff owed under the Arrears Order. Also absent are any factual allegations against Jones or Tention that would make them liable for actions taken by the federal government or California. The Complaint and Plaintiff's briefs further fail to state a legal basis for Plaintiff to sue under the UIFSA, the Social Security Act, or New Jersey's statute of limitations. To the extent that Plaintiff asserts claims against Essex County and New Jersey even though they are not named as parties in this action, this Court notes that Eleventh Amendment immunity bars suits by private citizens against non-consenting states in federal courts, including suits for money damages under § 1983. *See* U.S. Const. amend. XI; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984). This immunity extends to state agencies and officials when the state is the real party in interest. *Trapp v. New Jersey*, Civ. No. 17-10709, 2018 WL 4489680, at *3 (D.N.J. Sept. 19, 2018); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). After reviewing the parties' submissions in this matter, this Court is not persuaded that Plaintiff is able to state cognizable claims against Jones or Tention for child support arrears that were withheld by California, the IRS, or the Social Security Administration. Defendants' motions will therefore be granted with prejudice.[2]

---

[2] To the extent that Plaintiff's real complaint is for injuries caused by the state court's Arrears Order and judgments, this Court notes *sua sponte* that Plaintiff's complaint is additionally barred by the *Rooker-Feldman* doctrine, which "bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, Civ. No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (quoting *Great W. Mining*

3

IV.     **CONCLUSION**

For the reasons set forth above, Defendants' motions are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

            /s/ Susan D. Wigenton
        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.

---

*& Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). The *Rooker-Feldman* doctrine applies when "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (some punctuation omitted) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This Court is not an appellate court in the New Jersey family court system, and if Plaintiff seeks a review of the Arrears Order and judgments, she must pursue it in New Jersey's state courts.